# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2010

No. 09-60283
Summary Calendar

Charles R. Fulbruge III
Clerk

UGHELLI RHORO UMUDE-LOUIS

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A027 680 072

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ughelli Rhoro Umude-Louis, a citizen and native of Nigeria, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal for lack of jurisdiction. Umude-Louis argues that: (1) the BIA erroneously concluded that it lacked jurisdiction; (2) the immigration judge clearly erred by affirming the Asylum Officer's negative reasonable fear determination; and (3) the record does not support the Asylum Officer's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusions and negative reasonable fear determination. He additionally moves for this court to appoint counsel.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Umude-Louis was admitted to the United States on September 29, 1983, as a nonimmigrant student. After his status as a student was terminated by his school in 1985, Umude-Louis remained in the United States without authorization. Between August 2000 and June 2002, Umude-Louis pleaded guilty to several counts of larceny and related offenses. As a result of his criminal convictions, Immigration and Customs Enforcement (ICE) initiated expedited administrative removal proceedings for aggravated felons, pursuant to INA § 238(b), 8 U.S.C. § 1228(b). On August 21, 2008, ICE served Umude-Louis a Final Administrative Removal Order, finding that he was an alien, that he was not a lawful permanent resident of the United States, that he had been convicted of an aggravated felony and was, therefore, removable as an alien convicted of an aggravated felony, pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii).[1]

Umude-Louis requested withholding of removal based on a fear of persecution in Nigeria. He was referred to an Asylum Officer for a voluntary reasonable fear interview, which was conducted and recorded in writing on January 7, 2009. During the interview, Umude-Louis claimed that he feared persecution in Nigeria based on his alleged political activities in that country during the years 1979-1981. The following day, the Asylum Officer filed a detailed written "Reasonable Fear Determination," in which he concluded that Umude-Louis's claims of political activity and persecution were "implausible"

---

[1] 8 U.S.C. § 1101(a)(43)(G) defines as an aggravated felony "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."

and "irreconcilable" with factual information on country conditions in the record. The Asylum Officer also indicated that "[Petitioner's] testimony was found not credible in material respects."

Umude-Louis requested a review of the Asylum Officer's negative Reasonable Fear Determination by an immigration judge (IJ). On March 17, 2009, the IJ issued a Final Order affirming the Asylum Officer's negative Reasonable Fear Determination.

Umude-Louis then filed an appeal with the BIA, arguing the merits of his withholding of removal claim. On April 14, 2009, the BIA issued a one-paragraph decision, noting that based on "[c]ontrolling federal regulations [which] provide that no appeal lies from an IJ's decision reviewing a negative Reasonable Fear Determination," and dismissed the appeal for lack of jurisdiction.

On April 22, 2009, Umude-Louis filed his petition with this court.

## II. ANALYSIS

This court reviews its own jurisdiction de novo. *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001). We also review legal issues de novo. *Obemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

### A. Expedited Administrative Removal of Aggravated Felons

Under INA § 238(b), 8 U.S.C. § 1228(b), the Department of Homeland Security (DHS) may determine deportability and issue a Final Administrative Removal Order in the case of an alien who is not lawfully admitted for permanent residence and who has been convicted of committing an aggravated felony. Judicial review of Final Administrative Removal Orders is conducted

3

pursuant to INA § 242, 8 U.S.C. § 1252.[2] INA § 238(b)(3), 8 U.S.C. § 1228(b)(3); *see Flores-Ledezma v. Gonzales*, 415 F.3d 375, 379 (5th Cir. 2005). Thus, INA § 238(b) applies to aliens who are not lawful permanent residents and allows DHS to determine the removability of such aliens under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), and issue a removal order without referring the case to an IJ (unless the alien requests referral to an IJ). INA § 238(b), 8 U.S.C. § 1228(b); 8 C.F.R. § 208.31.

An alien who is subject to a Final Administrative Removal Order issued under INA § 238(b), 8 U.S.C. § 1228(b) is ineligible for any relief from removal that is discretionary with the Attorney General. INA § 238(b)(5), 8 U.S.C. § 1228(b)(5). However, the alien is not barred from non-discretionary relief, such as withholding of removal pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), under which the Attorney General may not remove an alien from the United States if the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.

If the alien requests withholding of removal, as Umude-Louis did in the instant case, DHS must refer the case to an Asylum Officer, who conducts a Reasonable Fear Determination. 8 C.F.R. §§ 208.31(b), 238.1(f)(3). If the Asylum Officer determines that the alien has a reasonable fear of persecution or torture, the Asylum Officer must refer the case to an IJ. *Id*. § 208.31(e). However, if the Asylum Officer makes a negative Reasonable Fear Determination, the alien may request referral to an IJ for review of the negative Reasonable Fear Determination. *Id*. §§ 208.31(g), 1208.31(g).

---

[2] INA § 242, 8 U.S.C. § 1252 applies to aliens whose removal proceedings were initiated on or after April 1, 1997.

The regulations provide that, if the IJ "concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture, then the case shall be returned to the Service for removal of the alien." *Id*. § 1208.31(g)(1). Further, the regulation expressly provides: "No appeal shall lie from the immigration judge's decision."[3] *Id*. Accordingly, in such instances, there is no appeal available to the BIA, and the IJ's Final Order is the final agency action, because it is the end of the administrative review of DHS's Final Administrative Removal Order. *Id*. The alien may then seek judicial review of the IJ's final order and the underlying Final Administrative Removal Order by timely filing a petition for review in a Circuit Court.[4]

## B. Lack of Jurisdiction to Review the IJ's Final Order

A petition for review must be filed not later than thirty days after the date of the final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Salazar-Regino v. Trominski*, 415 F.3d 436, 446 n.17 (5th Cir. 2005); *Roy v. Ashcroft*, 389 F.3d 132, 135 (5th Cir. 2004). A timely petition for review of a final order of removal is "mandatory and jurisdictional." *Stone v. INS*, 514 U.S. 386, 405 (1995); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003) ("This deadline is jurisdictional.").

---

[3] If the IJ, in reviewing the negative Reasonable Fear Determination, "finds that the alien has a reasonable fear of persecution or torture, the alien may submit Form I–589, Application for Asylum and Withholding of Removal." *See* 8 C.F.R. § 1208.31(g)(2). If denied relief, the alien may then appeal to the BIA. *Id*. § 1208.31(g)(2)(ii). In such circumstances, the BIA has jurisdiction to review the IJ's decision on the merits of the alien's withholding claim. *Id*. The alien may then seek judicial review of the BIA's decision on the merits of the alien's withholding claim, because the BIA had jurisdiction to review the IJ's decision, and the BIA's decision was the final agency action. *Id*.; *see* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1).

[4] If an alien does not request referral to an IJ, he may seek judicial review of the DHS Final Administrative Removal Order. *See* INA § 238(b)(3), 8 U.S.C. § 1228(b)(3).

In this case, the IJ's Final Order of March 17, 2009, was the final agency decision regarding the Asylum Officer's negative Reasonable Fear Determination and DHS's underlying Final Administrative Removal Order, because the regulations provide that "[n]o [administrative] appeal shall lie from the immigration judge's decision." 8 C.F.R. § 1208.31(g)(1). Therefore, if Umude-Louis desired to seek judicial review of the Final Administrative Removal Order, his petition for review was due thirty days after the IJ's March 17, 2009 Final Order, on Wednesday, April 16, 2009. INA § 242 (b)(1), 8 U.S.C. § 1252(b)(1). However, Umude-Louis did not file the instant petition for review until April 22, 2009—six days after the statutory deadline.

Umude-Louis provides no legal basis for this court to assert jurisdiction over his petition insofar as it challenges the IJ's March 17, 2009 Final Order or the underlying DHS Final Administrative Removal Order of August 19, 2008. Accordingly, because Umude-Louis filed his petition for review outside the thirty-day jurisdictional deadline permitted under 8 U.S.C. § 1252(b)(1), the court lacks jurisdiction insofar as Umude-Louis challenges the IJ's Final Order of March 17, 2009.

**C. The BIA Properly Dismissed the Appeal for Lack of Jurisdiction**

Under the controlling regulation at 8 C.F.R. § 1208.31(g)(1), the BIA's April 14, 2009 decision correctly and properly dismissed Umude-Louis's appeal for lack of jurisdiction, and, accordingly, declined to address any of the merits of his claim for withholding of removal. The record demonstrates—and Umude-Louis does not contest—that the BIA followed the applicable regulation in dismissing the appeal for lack of jurisdiction.

As discussed above, the regulations provide that if an "immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture . . . [n]o appeal shall lie from the

immigration judge's decision." 8 C.F.R. § 1208.31(g)(1). In the instant case, the IJ's Final Order of March 17, 2009, affirmed the negative Reasonable Fear Determination and returned the case to the DHS "for removal of the alien." Further, that Final Order clearly stated on its face that "[t]here [was] no appeal available." Thus, the IJ's Final Order properly and correctly applied the controlling regulation, which provides:

> If the immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture, the case shall be returned to the Service for removal of the alien. No appeal shall lie from the immigration judge's decision.

8 C.F.R. § 1208.31(g)(1).

In spite of the clear notice to Umude-Louis of the finality of the IJ's March 17, 2009 Final Order and the unavailability of further administrative review, Umude-Louis declined to seek judicial review of the Final Order and instead filed an appeal with the BIA, seeking review of the merits of his withholding of removal claim. The BIA properly dismissed the appeal for lack of jurisdiction, stating that in such circumstances, "[c]ontrolling federal regulations provide that no appeal lies from an Immigration Judge's decision reviewing a negative Reasonable Fear Determination." *See* 8 C.F.R. § 1208.31(g)(1).

### III. CONCLUSION

For the foregoing reasons, the  the petition for review is dismissed in part and denied in remaining part. The motion to appoint counsel is also denied.