NOT FOR PUBLICATION

FILED

MAR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILDA BRENES LEZAMA, | No. 10-71757 |
| Petitioner, | Agency No. A029-538-140 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior
District Judge.[**]

Hilda Brenes Lezama ("Brenes"), a citizen of Nicaragua, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from the

decision of an immigration judge ("IJ") denying her applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Brenes was convicted by plea agreement of violating 21 U.S.C. § 843(b) for using a telephone to facilitate a drug trafficking offense, a provision of the Controlled Substances Act that is categorically an aggravated felony, which makes her ineligible for asylum. *See Daas v. Holder*, 620 F.3d 1050, 1053-54 (9th Cir. 2010), *In re Chang*, 16 I. & N. Dec. 90, 92 (BIA 1977). It is also presumptively a "particularly serious crime," which makes Brenes ineligible for withholding of removal unless she rebuts the presumption. 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."). Brenes has not rebutted the "extraordinarily strong presumption" that her drug trafficking offense is a particularly serious crime. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007).

Finally, substantial evidence supports the BIA's finding that Brenes failed to show that it is more likely than not that she will be tortured if removed to Nicaragua. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) ("[T]he petitioner must show that it is 'more likely than not' that he or she will be tortured, and not simply

persecuted upon removal to a given country."). Brenes claims that the BIA engaged in improper fact-finding by stating, with an erroneous record citation, that she had returned to Nicaragua three times. However, the evidence of record supports the inference even if the citation to the record may have been incorrect. Accordingly, there is no due process violation, and there is no compelling evidence that Brenes will more likely than not be subjected to torture if she returns to Nicaragua. Brenes has not met her burden of proof for deferral of removal under CAT.

**PETITION DENIED**.