# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

No. 19-60225

BRANDON MENDOZA-FLORES,

*Petitioner*,

*versus*

JEFFREY A. ROSEN, ACTING U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 287 425

Before HAYNES, HIGGINSON, and OLDHAM, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

Brandon Mendoza-Flores, a native and citizen of Mexico, petitions this court for review of a decision of the Board of Immigration Appeals ("BIA") in a withholding-only proceeding. The BIA affirmed denial of his motions for (1) continuance pending resolution of his T visa application, (2) withholding of removal under the Immigration and Nationality Act ("INA"), and (3) deferral of removal under the Convention Against Torture ("CAT"), and dismissed his appeal. Following the BIA's decision, Mendoza-Flores's T visa application was denied and he was removed to

No. 19-60225

Mexico. Because this court can no longer grant Mendoza-Flores any effectual relief, we dismiss his petition as moot.

## I.

Mendoza-Flores initially entered the United States in February 2012 while being paid to transport marijuana. U.S. Border Patrol agents apprehended him, and a removal order was issued. Subsequently, in April 2012, Mendoza-Flores pleaded guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and was sentenced to 180 days in prison. He admitted to being paid to transport approximately 23 kilograms of marijuana. This offense qualifies as an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43). *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 841(a)(1), (b)(1)(D).

After completing his sentence, Mendoza-Flores was removed to Mexico in August 2012. He reentered the United States in November 2012 but was stopped by U.S. immigration authorities and voluntarily returned to Mexico.

He reentered a third time just a few weeks later.

In April 2018, U.S. immigration agents encountered Mendoza-Flores, detained him, and reinstated the February 2012 expedited removal order. The reinstatement notice stated that Mendoza-Flores was prohibited from reentering the United States for life due to his aggravated-felony conviction. *See* 8 U.S.C. § 1182(a)(9)(A)(i).

After Mendoza-Flores told immigration officers that he feared returning to Mexico, an asylum officer determined that Mendoza-Flores had established a reasonable fear of torture. The Department of Homeland

No. 19-60225

Security ("DHS") referred the case to an immigration judge ("IJ") for "withholding-only proceedings."

Mendoza-Flores's withholding-only merits hearing was held on October 3, 2018. At the beginning of the hearing, Mendoza-Flores requested a continuance pending the resolution of his application for T nonimmigrant status ("T visa"). His counsel explained that he had filed a T visa application with the U.S. Citizenship and Immigration Services ("USCIS") on February 6, 2019, that was still pending. The IJ issued an oral decision on October 18, 2019, denying Mendoza-Flores's requests for continuance, withholding of removal under the INA, and deferral of removal under the CAT.

Mendoza-Flores appealed the IJ's decision to the BIA. On March 22, 2019, the BIA issued a decision affirming the IJ's reasoning and dismissing the appeal.

Mendoza-Flores timely petitioned this court for review but did not file a motion for stay of removal. USCIS subsequently denied Mendoza-Flores's T visa application on July 26, 2019, and Mendoza-Flores was removed to Mexico immediately thereafter.

## II.

This court's jurisdiction requires a live case or controversy at all stages of litigation. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Inherent in the case-or-controversy requirement is the doctrine of mootness; federal courts lack jurisdiction "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). "We review the question of mootness *de novo*, raising the issue *sua sponte* if necessary." *Id.* (citation omitted).

3

### III.

The denial of Mendoza-Flores's T visa application and his subsequent removal to Mexico necessitate our consideration of mootness. Mendoza-Flores's petition for review is moot if it is impossible for this court to grant him any effectual relief. *Vega*, 960 F.3d at 672. In cases challenging a BIA decision, the petitioner's removal from the United States generally renders the petition moot unless the petitioner would suffer collateral legal consequences from the challenged decision. *See Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004) (citing *Spencer*, 523 U.S. at 8). We have previously held that a period of inadmissibility following removal is a collateral legal consequence of the removal decision. *See id.* (citing *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986)).

Mendoza-Flores's petition challenges the BIA's decision in his withholding-only proceeding. The legality of his February 2012 removal order and the April 2018 reinstatement of this removal order is therefore not before us. In his petition, Mendoza-Flores asks this court to decide that the BIA erred in denying his motions for continuance pending the resolution of his T visa application, withholding of removal under the INA, and deferral of removal under the CAT.

Mendoza-Flores acknowledged in a supplemental letter that his T visa application "is no longer eligible to be granted." This necessarily moots his request for continuance. *See Vega*, 960 F.3d at 672.

Mendoza-Flores's subsequent removal to Mexico moots his remaining two claims unless he can show that he suffers collateral legal consequences from the BIA's withholding-only decision. *Alwan*, 388 F.3d at 511. According to the notice accompanying Mendoza-Flores's order reinstating removal, removal rendered him permanently inadmissible to the

No. 19-60225

United States due to his aggravated-felony conviction.[1] While inadmissibility would be a collateral legal consequence of Mendoza-Flores's removal order, it is not a collateral consequence of the BIA's withholding-only decision. Collateral consequences must stem from the underlying cause of action to salvage justiciability. *See Spencer*, 523 U.S. at 14; *Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009); *Ramirez-Ortez v. Barr*, 782 F. App'x 318, 321–22 (5th Cir. 2019) (per curiam) (unpublished). Even if we decided that the BIA erred in denying Mendoza-Flores withholding of removal, he would still be subject to the February 2012 removal order and thus inadmissible to the United States. *See Alwan*, 358 F.3d at 511 n.3. In his supplemental letter, Mendoza-Flores identifies no collateral legal consequence from the denial of withholding.

Because Mendoza-Flores suffers no collateral legal consequences from the BIA's denial of withholding, we are unable to grant Mendoza-Flores any effectual relief and thus lack jurisdiction to review the BIA's decision.

**IV.**

Accordingly, we DISMISS Mendoza-Flores's petition for review as moot.

---

[1] We take no position as to whether Mendoza-Flores is, in fact, permanently inadmissible to the United States due to his removal order. In a supplemental letter to this court, the Government represents that the reinstatement of Mendoza-Flores's removal order rendered him inadmissible to the United States for five years. Either of these positions may be correct, and this issue is not germane to our resolution of Mendoza-Flores's petition.