# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2021

Lyle W. Cayce
Clerk

No. 20-60126

Hilda Rosa Brenes-Lezama,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
No. A029-538-140

Before Davis, Haynes, and Oldham, *Circuit Judges*.

W. Eugene Davis, *Circuit Judge*: *

Hilda Rosa Brenes-Lezama, a native and citizen of Nicaragua, petitions this Court for review of an order by the Board of Immigration Appeals ("BIA"), upholding the Immigration Judge's denial of her application for deferral of removal under the Convention Against Torture ("CAT"). Approximately six weeks after the BIA issued its decision, Brenes-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60126

Lezama was removed to Nicaragua. Because, according to binding precedent, we can no longer grant Brenes-Lezama any effectual relief, we DISMISS her petition for review as moot.

## I.

Brenes-Lezama was granted lawful permanent resident status in the United States in 2001. Five years later, she lost her status after pleading guilty in 2006 to using a telephone to facilitate a drug-trafficking crime in violation of 18 U.S.C. § 843(b). She was later placed in removal proceedings.[1] Although her conviction rendered her ineligible for asylum and withholding of removal, Brenes-Lezama remained eligible for deferral of removal under the CAT.[2] Her application for such relief, however, was denied by the Immigration Judge ("IJ"), who ordered her removal to Nicaragua in December 2009. The BIA upheld the IJ's decision, and the Ninth Circuit denied Brenes-Lezama's subsequent petition for review.[3]

Pursuant to the removal order, Brenes-Lezama was deported to Nicaragua in 2010, but she reentered the United States illegally in 2011. She was apprehended by immigration officials, pleaded guilty to illegal reentry two months later, and was sentenced to time served. The Department of Homeland Security ("DHS") then reinstated her 2009 removal order.[4]

---

[1] *See Lezama v. Holder*, 565 F. App'x 618, 619 (9th Cir. 2014).

[2] *Id.* As explained by the Ninth Circuit, a violation of § 843(b) of the Controlled Substances Act "is categorically an aggravated felony," which made Brenes-Lezama ineligible for asylum, and "[i]t is also presumptively a 'particularly serious crime,' which [made her] ineligible for withholding of removal unless she rebut[ted] the presumption." *Id.* (citations omitted).

[3] *Id.*

[4] Importantly, under 8 U.S.C. § 1231(a)(5), when an alien has reentered the United States illegally after having been removed under an order of removal, the prior order of

No. 20-60126

Because Brenes-Lezama was subject to a reinstated order of removal, no removal proceedings were initiated upon completion of her sentence.[5] But because she expressed a fear of returning to Nicaragua, she was referred to an asylum officer, who determined that she had a reasonable fear of torture. DHS referred her case to an IJ for "withholding-only proceedings."[6] Brenes-Lezama then filed an application for deferral of removal under the CAT.

In August 2019, the IJ denied her relief and ordered reinstatement of the 2009 removal order. Brenes-Lezama appealed to the BIA, which upheld the IJ's decision in January 2020. She timely filed the instant petition for review in this Court. In March 2020, Brenes-Lezama was removed to Nicaragua pursuant to the reinstated order of removal.

## II.

"This court's jurisdiction requires a live case or controversy at all stages of litigation."[7] And, "[i]nherent in the case-or-controversy requirement is the doctrine of mootness."[8] When it is impossible for us to grant a litigant any effectual relief, our court lacks jurisdiction.[9] As set forth below, we are bound by our recent decision in *Mendoza-Flores v. Rosen* to

---

removal is reinstated from its original date and "is not subject to being reopened or reviewed." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2282 (2021).

[5] *See id.* at 2282-83.

[6] As explained by the Supreme Court, because Brenes-Lezama was subject to removal based on a reinstated order of removal, the proceedings are referred to as "withholding-only proceedings" because the proceedings are "limited to a determination of whether the alien is eligible for withholding or deferral of removal," and the parties are "prohibited from raising or considering any other issues." *Id.* at 2283 (citations omitted).

[7] *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (citation omitted).

[8] *Id.*

[9] *Id.* (citation omitted).

No. 20-60126

dismiss Brenes-Lezama's petition for review as moot because we are unable to grant her any effectual relief.[10]

In *Mendoza-Flores*, the petitioner (Mendoza-Flores) pleaded guilty to a drug-trafficking crime and, after completing his sentence, was removed to Mexico pursuant to a removal order. Mendoza-Flores later reentered the United States illegally, was apprehended, and detained by immigration agents. After his prior removal order was reinstated, he told immigration officials that he feared returning to Mexico. An asylum officer determined that he had a reasonable fear of torture, and DHS referred his case to an IJ for "withholding-only proceedings."[11]

Mendoza-Flores applied for, inter alia, deferral of removal under the CAT. After conducting a hearing, the IJ denied his request, and the IJ's denial was upheld by the BIA. Following the BIA's decision, Mendoza-Flores timely petitioned this Court for review; however, he did not move for a stay of removal. Mendoza-Flores subsequently was removed to Mexico pursuant to the reinstated removal order.

Stating that Mendoza-Flores's removal to Mexico "necessitate[d] our consideration of mootness," this Court noted that Mendoza-Flores's petition for review only "challenge[d] the BIA's decision in his withholding-only proceeding" and that "[t]he legality of his [prior] removal order and the [] reinstatement of th[e] removal order [was] therefore not before us."[12] This

---

[10] Although Brenes-Lezama argues that our decision in *Mendoza-Flores* is contrary to the Supreme Court's decision in *Nasrallah v. Barr*, 140 S. Ct. 1688 (2020), there was no mention that the petitioner in that case had been removed from the United States while his petition for review was pending, and the proceedings were not "withholding-only" proceedings.

[11] *Mendoza-Flores*, 983 F.3d at 846.

[12] *Id.* at 847.

Court further determined that "Mendoza-Flores's subsequent removal to Mexico moot[ed]" his claim for deferral of removal under the CAT, "unless he [could] show that he suffer[ed] collateral legal consequences from the BIA's withholding-only decision."[13]

This Court first noted that "[c]ollateral consequences must stem from the underlying cause of action to salvage justiciability."[14] This Court then determined that even if we decided that the BIA erred in denying Mendoza-Flores's requests for withholding and/or deferral of removal, "he would still be subject to the [prior] removal order and thus inadmissible to the United States."[15] In other words, while inadmissibility would be a collateral legal consequence of a removal order, "it is not a collateral consequence of the BIA's withholding-only decision."[16] Because Mendoza-Flores suffered no collateral legal consequences from the BIA's denial of withholding and deferral of removal, we held that "we [we]re unable to grant Mendoza-Flores any effectual relief and thus lack[ed] jurisdiction to review the BIA's decision."[17]

Our decision in *Mendoza-Flores* is directly applicable here. Like Mendoza-Flores, Brenes-Lezama seeks review of the BIA's decision denying her deferral of removal in a withholding-only proceeding. The legality of the 2011 removal order and the 2018 reinstatement of that removal order is not before us; Brenes-Lezama did not move for a stay of removal; and she has been removed to Nicaragua. Even if we determined that the BIA erred in

---

[13] *Id.* (citation omitted).

[14] *Id.* at 848 (citations omitted).

[15] *Id.* (citation omitted).

[16] *Id.* at 847-48.

[17] *Id.* at 848.

No. 20-60126

denying her deferral of removal, Brenes-Lezama is still subject to the 2011 removal order and thus inadmissible to the United States. Because Brenes-Lezama suffers no collateral legal consequences from the BIA's denial of her request for deferral of removal, we are unable to grant her any effectual relief. Consequently, we lack jurisdiction over this matter.

## III.

Based on the foregoing, we DISMISS Brenes-Lezama's petition for review for lack of jurisdiction as moot.