In the

# United States Court of Appeals
## for the Seventh Circuit

No. 20-3393

RAUL GARCIA MARIN,

*Petitioner*,

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A075-818-976

ARGUED SEPTEMBER 22, 2021 — DECIDED JULY 29, 2022

Before SYKES, *Chief Judge*, and FLAUM and BRENNAN,
*Circuit Judges*.

SYKES, *Chief Judge*. Raul Garcia Marin, a native and citizen
of Mexico, has a long history of illegal entry and removal
from the United States. His most recent removal order was
issued in 1997; he was removed the next year. But he repeat-
edly reentered and returned to Mexico in the years that
followed and has lived in this country continuously and

illegally since 2004. In 2019 the Department of Homeland Security ("DHS") located him in prison and reinstated the 1997 removal order.

Garcia Marin then applied for deferral of removal under the Convention Against Torture. After an asylum officer issued a favorable "reasonable fear" determination, he was placed in "withholding only" proceedings before an immigration judge. The judge granted deferral of removal, but the Board of Immigration Appeals ("BIA" or "the Board") reversed and ordered him removed pursuant to the reinstated 1997 order.

Garcia Marin petitioned for review but did not seek a stay of removal from this court. His request for an administrative stay from DHS was denied, and he was removed from the United States while his case has been before us. Because he seeks only deferral of removal in a withholding-only proceeding, his removal moots his claim for relief. We therefore dismiss the petition for review.

## I. Background

Garcia Marin entered the United States illegally as a child in 1988 and was removed that same year. He illegally reentered sometime thereafter, was ordered removed in 1997, and was removed to Mexico in 1998. He illegally reentered, returned to Mexico, and reentered again—most recently in 2004. He remained in the United States after that reentry, accumulating a criminal record that includes convictions for residential burglary, domestic battery, illegal firearm possession, and four convictions for drunk driving.

In 2019 DHS located Garcia Marin in an Illinois prison and reinstated the 1997 order of removal. Because Garcia

Marin has been convicted of residential burglary, an aggravated felony, he is inadmissible for 20 years. 8 U.S.C. § 1182(a)(9)(A)(i). The aggravated felony conviction also bars him from seeking withholding of removal under the Immigration and Nationality Act or the Convention Against Torture. *Id.* § 1231(b)(3)(B).

Garcia Marin sought deferral of removal under the Convention—the only form of relief potentially available to him. An asylum officer determined that he had a reasonable fear of torture and placed him in withholding-only proceedings before an immigration judge. A "withholding only" proceeding is a procedural track initiated by a reasonable-fear interview in which the applicant may seek only withholding or deferral of removal (deferral being the more limited form of relief available to those who are ineligible for withholding) under the Immigration and Nationality Act or the Convention Against Torture. 8 C.F.R. § 1208.31(e).

To obtain deferral of removal under the Convention, Garcia Marin had the burden to establish that it is more likely than not that he would be tortured by or with the acquiescence of government officials if removed to Mexico. *Id.* §§ 1208.16(c)(4), 1208.18(a)(1); *Rodriguez-Molinero v. Lynch*, 808 F.3d 1134, 1135, 1138–39 (7th Cir. 2015). He argued that he would likely be subject to torture in Mexico by the Sinaloa cartel with the acquiescence of public officials.

The immigration judge heard his testimony, found him credible, and concluded that he had satisfied his burden. She first noted that Garcia Marin would be at risk of torture from the Sinaloa cartel because of his cooperation with DHS in a planned drug-sting operation targeting the organization. This risk was underscored, she ruled, by a threatening call

that he had received from a high-ranking cartel member. She then recognized the wide reach of the Sinaloa cartel in Mexico and the extensive history of corrupt cooperation between the cartel and government officers. Accordingly, she determined that Garcia Marin would face a significant risk of torture with the acquiescence of Mexican officials and granted deferral of removal.

The BIA reversed. It rejected the immigration judge's conclusions that Garcia Marin faced a significant risk of torture, noting that he had no involvement with the Sinaloa cartel and that the planned sting operation did not actually occur. The Board also determined that certain facts, such as the threatening call from the cartel member, were insufficient to establish a significant likelihood of torture. On this basis the Board found that Garcia Marin had not met his burden of proof under the Convention, vacated the immigration judge's decision, and ordered him removed to Mexico pursuant to the reinstated 1997 order.

Garcia Marin petitioned for review, relying on *Rodriguez-Molinero* and arguing that the Board misapplied the clear-error standard. He sought a discretionary stay of removal from DHS under 8 C.F.R. § 241.6 while he litigated his petition. But he did not move for a stay in this court. As a result, when DHS denied his stay request, he was removed to Mexico. The Attorney General moved to dismiss the petition as moot, and Garcia Marin filed a response in opposition. We issued an order indicating that we would take the motion with the case and directed the parties to address the jurisdictional question in their briefs.

## II. Discussion

We begin, as we must, with the question of mootness. Federal courts have jurisdiction to resolve only live cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. A live case or controversy must exist throughout the course of the litigation. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). Mootness doctrine implements this rule by limiting our jurisdiction to disputes in which we may grant effectual relief to a party with a personal interest in the action. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). Accordingly, if developments make it impossible for us to grant relief in a case, then we must dismiss it as moot. *Meza Morales v. Barr*, 973 F.3d 656, 660 (7th Cir. 2020). In the context of removal, we have applied this rule to hold that an alien's removal while his petition for review is pending moots the case unless the order at issue carries collateral legal consequences. *Peralta-Cabrera v. Gonzalez*, 501 F.3d 837, 842–43 (7th Cir. 2007).

Garcia Marin's 1997 removal order is not before us. His petition for review concerns only the BIA's ruling reversing the immigration judge's grant of deferral of removal under the Convention Against Torture. Garcia Marin did not ask us to stay his removal during the pendency of his petition for review. So when DHS denied his request for a discretionary administrative stay, he was removed from the United States.

That moots the petition for review. Garcia Marin is inadmissible by virtue of his unchallenged removal order and his criminal record. So even if we were to find an error in the BIA's decision reversing the immigration judge, the action that Garcia Marin sought to prevent has already taken place, and there are no possible collateral legal consequences.

It is important to distinguish an application for relief under the Convention Against Torture in a withholding-only proceeding like Garcia Marin's from a proceeding that also challenges a removal order or a denial of asylum. We have held that an already-removed alien may challenge his removal order if it also restricts readmission to the United States. *Id.* at 843. In *Peralta-Cabrera* we noted that a bar on readmission stemming from a removal order is a collateral consequence that keeps the controversy live and allows effectual relief. We have also permitted a removed alien's challenge to a denial of deferral of removal as part of a package of claims that includes review of an asylum decision. *See Singh v. Holder*, 720 F.3d 635, 638 (7th Cir. 2013). In *Singh* we noted that a live controversy remained because it would be possible for the petitioner to seek readmission on remand. *Id.* (citing *Peralta-Cabrera*, 501 F.3d at 842–43).

However, a petition for review by an already-removed alien seeking *only* deferral of removal under the Convention Against Torture does not present the same opportunity for additional relief. When an alien enters withholding-only proceedings and seeks solely to defer removal under the Convention, he does not challenge an order that carries collateral legal consequences. Unlike *Peralta-Cabrera* and *Singh*, a ruling in Garcia Marin's favor will not unwind his removal order, enable him to seek readmission, or have any other consequence beyond the limited form of relief at issue in the proceedings before the agency. Because Garcia Marin sought only deferral of removal under the Convention and has already been removed, we cannot grant any effectual relief even if we find an error in the BIA's decision.

*Peralta-Cabrera* and *Singh* presented claims that included a challenge to an order with ongoing legal consequences that could be remedied by a favorable decision from us. Not so here. We therefore join our sister circuits in holding that a petition for review of a decision in a withholding-only proceeding is mooted by the alien's removal. *See Mendoza-Flores v. Rosen*, 983 F.3d 845, 847–48 (5th Cir. 2020); *Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009). Garcia Marin's removal moots his petition for review of the BIA's decision rejecting his application for deferral of removal. Accordingly, the petition must be dismissed.

DISMISSED