# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-60043

———————————

Denis Jesus Saldana-Solano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 980 847

———————————————————————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Denis Jesus Saldana-Solano, a native and citizen of Costa Rica, petitions for review of a determination that he lacked a reasonable fear of persecution or torture if removed to his home country. Because his removal from the United States under a reinstated order of removal renders it moot, we DISMISS his petition for lack of jurisdiction.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60043

I

After he waded across the Rio Grande River into the United States on April 13, 2005, Border Patrol agents apprehended Saldana-Solano, provided him with written notice of a removal hearing, and released him. Saldana-Solano failed to appear at his hearing, and an immigration judge ordered him removed to Costa Rica on June 28, 2005. Nine years later, immigration officers arrested Saldana-Solano during a fugitive alien operation in Trenton, New Jersey. Saldana-Solano was removed to Costa Rica on October 14, 2014, under the then-existing removal order.

On September 22, 2023, Border Patrol agents apprehended Saldana-Solano near the San Ysidro Port of Entry and transported him to San Diego for processing and disposition. Saldana-Solano met with a Border Patrol agent on September 27, 2023; he admitted to being a citizen of Costa Rica "without proper immigration documents allowing him to enter or remain in the United States." He told the Border Patrol agent that he had entered the United States because there is "no work in Costa Rica", and he feared persecution or torture if he returned. The Department of Homeland Security reinstated Saldana-Solano's prior order of removal. Saldana-Solano did not contest the reinstatement, which rendered him inadmissible to the United States for twenty years.

Based on Saldana-Solano's expression of fear of persecution or torture, an asylum officer conducted a reasonable fear pre-screening interview. *See* 8 C.F.R. § 1208.31. His attorney participated in the interview. Saldana-Solano stated that he left Costa Rica because he had been attacked by two unknown men wearing masks and black clothing. After he saw them carrying something in a car, the men pointed a weapon at him, hit him, and threatened to kill him if he reported them to the police. Saldana-Solano did not know what the men were moving but believed it to be something illegal

2

or related to drugs. He did not report the incident to the police and left Costa Rica because he was afraid that these men would find him and kill him. Saldana-Solano also stated that his cousin had threatened him because Saldana-Solano is "white and [his cousin] is brown."

The asylum officer determined that, although his account was credible, Saldana-Solano did not have a reasonable fear of persecution or torture if returned to Costa Rica. The officer found that the beating occurred because of general crime unconnected to a protected ground, and nothing indicated that the men would want to harm Saldana-Solano if he returned to Costa Rica. He also found that the cousin's threat was not serious enough to amount to persecution. This determination foreclosed Saldana-Solano's ability to apply for protection in withholding-only proceedings. *See* 8 C.F.R. § 208.31(g)(2) (stating that a noncitizen cannot file an application for withholding of removal until he is found to possess a reasonable fear of persecution or torture).

Saldana-Solano requested review of the asylum officer's determination, which an immigration judge affirmed on December 26, 2023. In January 2024, Saldana-Solano timely petitioned this court for review, arguing that he was denied due process during the reasonable fear proceedings because he had a right to counsel, he did not waive that right, and he was prejudiced as a result. He also argues that the immigration judge's decision affirming the reasonable fear determination is not supported by substantial evidence.

Saldana-Solano did not challenge or request a stay of his reinstated removal order pending review of the asylum officer's reasonable fear determination. On February 5, 2024, while his petition was pending before this court, Saldana-Solano was removed to Costa Rica.

II

The Government argues that Saldana-Solano's petition is moot because, even if this court agreed that the reasonable fear determination is incorrect, there would be no effect on his reinstated removal order. We agree.

A case is moot, and thus fails to satisfy the case-or-controversy requirement for federal court jurisdiction, "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020). A "petitioner's removal from the United States generally renders the petition moot unless the petitioner would suffer collateral legal consequences from the challenged decision." *Id.* (citing *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004)). A period of inadmissibility to the United States, such as the one faced by Saldana-Solano, is a collateral consequence that precludes a finding of mootness. *Alwan*, 388 F.3d at 511.

This court has clarified that the collateral consequence must stem from the appealed cause of action. *Mendoza-Flores*, 983 F.3d at 848. After his removal order was reinstated, the petitioner in *Mendoza-Flores* told immigration officials that he feared returning to Mexico. *Id.* at 846. An asylum officer determined that Mendoza-Flores had a reasonable fear of torture and referred his case to an immigration judge for the next step in withholding-only proceedings. *Id.* The immigration judge denied withholding of removal, and the Board of Immigration Appeals (BIA) affirmed this decision. *Id.* at 846–47. While his petition for review of that decision was pending in this court, Mendoza-Flores was removed to Mexico. *Id.* at 847. This court held that his petition was moot because Mendoza-Flores challenged the BIA's decision rather than the removal order that rendered him permanently inadmissible to the United States. *Id.* at 847–48. "Even if [this court] decided that the BIA erred in denying Mendoza-Flores

4

withholding of removal, he would still be subject to the . . . removal order and thus inadmissible to the United States." *Id.* at 848.[1]

Unlike *Mendoza-Flores*, the asylum officer found Saldana-Solano did not have a reasonable fear of persecution or torture if removed.[2] Nevertheless, it is still directly applicable here. Saldana-Solano only challenges the immigration judge's decision to affirm the asylum officer's reasonable fear determination. The legality of the reinstated notice of removal, which renders him inadmissible to the United States for twenty years, is not before this court. While inadmissibility is a collateral legal consequence of Saldana-Solano's removal order, it is not a consequence of the immigration judge's decision to affirm the asylum officer's reasonable fear determination. "Collateral consequences must stem from the underlying cause of action to salvage justiciability." *Mendoza-Flores*, 983 F.3d at 847 (citing *Spencer v. Kenma*, U.S. 1, 14 (1998)). Any decision on the merits of the reasonable fear determination would have no effect on Saldana-Solano's

---

[1] *See also Theodore v. Garland*, No. 22-60410, 2023 WL 4462125, at *1 (5th Cir. July 11, 2023) (per curiam) (holding that the noncitizen's petition for review was moot because he was removed and he "does not challenge his removal order nor the reinstatement of that order, and we do not find he is likely to suffer any collateral consequences from the [immigration judge's] decision"); *Molina-Dominguez v. Garland*, No. 21-60644, 2023 WL 1873161, at *1 (5th Cir. Feb. 9, 2023) (per curiam) (holding that the noncitizen's petition for review was moot because he had been removed and "[n]either his December 8, 2004 removal order nor the March 27, 2021 reinstatement of that order are before us in connection with this petition for review"); *Brenes-Lezama v. Garland*, No. 20-60126, 2021 WL 5409242, at *3 (5th Cir. Nov. 18, 2021) (holding that the noncitizen's petition for review was moot because "[e]ven if we determined that the BIA erred in denying her deferral of removal, Brenes-Lezama is still subject to the 2011 removal order and thus inadmissible to the United States").

[2] Because an administrative appeal cannot be taken from an immigration judge's decision to affirm an asylum officer's reasonable fear determination, the immigration judge's decision constitutes a final order of removal over which this court has jurisdiction under 8 U.S.C. § 1252(a)(5). *See Umude-Louis v. Holder*, 368 F. App'x 544, 547 (5th Cir. 2010) (per curiam); 8 C.F.R. § 1208.31(g)(1).

reinstated removal order. *Id.* at 848. Saldana-Solano would remain inadmissible to the United States for twenty years.

In a footnote, the Government notes that Immigration and Customs Enforcement's Return Directive permits courts to grant effectual relief to removed noncitizens in certain circumstances but argues that it does not apply in this case. ICE Policy Directive Number 11061.1: Facilitating the Return to the United States of Certain Lawfully Removed Aliens (Feb. 24, 2012); *see also Lopez-Sorto v. Garland*, 103 F.4th 242 (4th Cir. 2024); *Igiebor v. Barr*, 981 F.3d 1123 (10th Cir. 2020); *Del Cid Marroquin v. Lynch*, 823 F.3d 933 (9th Cir. 2016) (per curiam). Saldana-Solano did not argue in response that the Return Directive applies and forecloses mootness in this case; he simply did not brief this issue. Issues not briefed on appeal are waived. *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) (citing *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997)).

Because Saldana-Solano has shown no collateral legal consequence from the immigration judge's decision that he challenges, his petition is moot. Accordingly, we lack jurisdiction to review the claims in his petition. *Mendoza-Flores*, 983 F.3d at 848; *see also FDIC v. Belcher*, 978 F.3d 959, 961 n.1 (5th Cir. 2020) ("[M]ootness is a jurisdictional question.").

IV

Saldana-Solano's petition for review is DISMISSED for lack of jurisdiction.