# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60630

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2025

Lyle W. Cayce
Clerk

JENNY ELIZABETH BONILLA RIVAS,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A245 285 104

————————————————————————

Before KING, JONES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jenny Elizabeth Bonilla Rivas is a native and citizen of El Salvador. Bonilla Rivas testified that she suffered a variety of harms while in El Salvador, including sexual abuse by her uncle when she was a minor, sexual assault by an unknown individual, physical assault by police officers, and kidnapping. After unlawfully entering the United States in 2023, Bonilla Rivas applied for asylum, withholding of removal, and protection under the

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60630

Convention Against Torture (CAT).  As part of her application, Bonilla Rivas sought relief as a member of a particular social group (PSG) because she is homosexual.

The Immigration Judge (IJ) denied relief and ordered Bonilla Rivas to be removed.  The IJ concluded that Bonilla Rivas was ineligible for either asylum or withholding of removal because her past harm did not rise to the level of persecution, and her past harm was not inflicted on account of her PSG.  The IJ also held that Bonilla Rivas was ineligible for asylum for another reason:  Her unlawful entry violated the Circumvention of Legal Pathways rule (CLP), and the rule's exception for kidnapping did not apply.  Finally, the IJ concluded that Bonilla Rivas was ineligible for protection under the CAT because the harm that she suffered did not amount to torture.

In a 2–1 decision, the Board of Immigration Appeals (BIA) dismissed Bonilla Rivas's appeal.  The BIA held that Bonilla Rivas had effectively waived[1] her claims for asylum and withholding of removal because on appeal, Bonilla Rivas challenged only one of the IJ's bases for denial of relief.  More specifically, the BIA concluded that while Bonilla Rivas challenged the IJ's conclusion that her past harm was not inflicted on account of her PSG, she failed to challenge the IJ's conclusion that her past harm did not rise to the level of persecution.  An applicant must show both:  To be eligible for asylum or withholding of removal, an applicant must show (1) persecution (or a well-founded fear of future persecution) which was (2) inflicted on account of a protected ground, including membership in a PSG.  *See Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014).  After rejecting her claims for asylum and

---

[1] Although the BIA used the term "waiver," the term "forfeiture" is more accurate.  Waiver is the intentional relinquishment of a known right, while forfeiture is the failure to make the timely assertion of a right.  *See United States v. Cabello*, 33 F.4th 281, 295 (5th Cir. 2022).  The latter is what happened in this case.

withholding of removal, the BIA ruled against Bonilla Rivas on the merits of her CAT claim. The dissenting judge disagreed with the majority's waiver determination and with the IJ's analysis of the merits of Bonilla Rivas's claims for relief.

Bonilla Rivas petitioned this court for review.[2] She now contends that the IJ erred in finding that her past harm did not rise to the level of persecution, that the BIA erred in finding that the CLP rule's kidnapping exception did not apply,[3] and that the IJ and the BIA erred in finding that her past harm was not inflicted on account of her PSG. Her petition does not mention the BIA's denial of her CAT claim.

These arguments somewhat misunderstand the reach of this court's review. First, to the extent that Bonilla Rivas challenges the IJ's ruling in this court, we cannot oblige. Our court reviews only the BIA's decision, unless the BIA expressly adopted the IJ's reasoning. *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). And as explained above, the BIA affirmed the IJ's conclusions but did not rely on the IJ's reasoning. Second, it is well-established that our court reviews only the stated rationale of the BIA; we do not examine issues that the BIA did not address. *Alejos-Perez v. Garland*, 991 F.3d 642, 652 (5th Cir. 2021); *Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019). The BIA held that Bonilla Rivas waived her claims

---

[2] The cover page of the Government's brief indicates that Bonilla Rivas has already been removed. This would normally render her petition moot and deprive us of jurisdiction, unless "the petitioner would suffer collateral legal consequences from the challenged decision." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020). Here, affirming the BIA's decision would cause Bonilla Rivas to suffer an automatic period of inadmissibility under 8 U.S.C. § 1182(a)(9)(A)(iii), which qualifies as a collateral legal consequence. *Arulnanthy v. Garland*, 17 F.4h 586, 592 (5th Cir. 2021).

[3] It was the IJ, not the BIA, that found that the CLP rule's kidnapping exception did not apply. As noted above, the BIA rested its conclusion on waiver, not on whether the CLP rule's kidnapping exception applied.

for asylum and withholding of removal and that Bonilla Rivas's CAT claim failed on its merits. Thus, the only issues properly before our court of necessity arise from those two determinations.

But Bonilla Rivas's opening brief makes no mention of the BIA's conclusion that she waived her claims for asylum and withholding of removal. Therefore, Bonilla Rivas has forfeited any challenge to that holding. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in [her] *initial* brief on appeal."); *see also Paredes-Erazo v. Bondi*, 2025 WL 2256902, at *1 (5th Cir. Aug. 7, 2025) ("[Petitioner] does not challenge the BIA's determination that she waived [her] claim. Accordingly, she has abandoned any challenge to it."); *Perez De Molina v. Garland*, 2025 WL 80364, at *1 (5th Cir. Jan. 13, 2025) ("[Petitioner] has abandoned any challenge she may have had to the BIA's waiver determination by failing to brief it.").

And as noted, Bonilla Rivas fails to argue (or even mention) any error regarding the BIA's denial of her CAT claim, either in her opening brief or her reply brief. Therefore, she has also forfeited her CAT claim. *Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) ("[Petitioner] does not brief any CAT-specific arguments on appeal, so that issue is forfeited.").

Bonilla Rivas has forfeited the only two salient issues on appeal by failing to brief them. As the BIA did not address the issues she raises instead, we may not do so either.

The petition for review is DENIED.

4