[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13048
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A78-603-565 & A78-603-566

SERGIO HUMBERTO CUARTAS,
JENNY STELLA ALVAREZ-VARELA,
DANIEL CUARTAS,
FELIPE CUARTAS,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 24, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

No judge in regular active service on the Court having requested that the

Court be polled on rehearing en banc, Fed. R. App. P. 35, accordingly, rehearing

en banc is DENIED. Appellant's petition for panel rehearing is GRANTED. We VACATE our prior opinion in this case and substitute the following in its place:

Sergio Humberto Cuartas ("Cuartas") and Jenny Stella Alvarez-Varela, and their children, Daniel Cuartas and Felipe Cuartas (collectively, "Petitioners"), all natives and citizens of Colombia, petition for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the immigration judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Petitioners argue that the IJ erred by denying their petition for asylum, under the INA, after finding that they did not demonstrate past persecution or a well-founded fear of future persecution, on a country-wide basis, by the Revolutionary Armed Forces of Colombia ("FARC") based on Cuartas's outspoken political activities that were in conflict with the FARC's mission.[1] After careful review, we affirm.

_____

[1] Because we find that Petitioners have not established a case for asylum under the INA, we do not consider whether they satisfied the higher standards for withholding of removal or CAT relief. See Forgue v. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005); Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001). We likewise will not address Petitioners' argument that they received ineffective assistance of counsel before the IJ because they raised this claim for the first time in a motion to reopen in the BIA and they have not appealed the denial of that motion. Finally, we will not consider Petitioners' claims based on alleged newly discovered evidence because they have not raised these claims prior to doing so here. Najjar, 257 F.3d at 1294 n.23 (holding that petitioner's failure to raise issue before the BIA precludes him from raising that issue in this Court).

2

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). As the fact-finder, it is the IJ's duty to determine credibility, and we will not substitute our judgment for that of the IJ with respect to credibility findings. See Vasquez-Mondragon v. INS, 560 F.2d 1225, 1226 (5th Cir. 1977) (citation omitted).[2] The IJ's factual determination that an alien is not entitled to asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is

---

[2]In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on October 1, 1981.

3

unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 378 F.3d 1260, 1264 (11th Cir. 2004) (citation and internal quotation marks omitted). Put another way, "[m]ere harassment does not amount to persecution." Id. (citation omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. 812.

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance that the country's conditions have changed

4

such that the applicant's life or freedom would no longer be threatened or that the alien could relocate within the country and it would be reasonable to expect him to do so. See 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground in his country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his fear of persecution is subjectively genuine and objectively reasonable." Najjar, 257 F.3d at 1289. "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well-founded fear' of political persecution within the meaning of the INA." Id. (citation omitted). However, as with past persecution, if the IJ properly finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution. 8 C.F.R. §§ 208.13(b)(1)-(2), 208.16(b)(1)(2).

Here, substantial evidence supports the IJ's finding that Petitioners failed to demonstrate asylum eligibility because they did not establish past persecution or a well-founded fear of future persecution on account of a statutorily listed factor. Although Cuartas testified that his political opinion and related activities were contrary to the FARC and its mission, we can find no indication that the FARC was aware of Cuartas's political opinion or ever persecuted him on account of that opinion. Cuartas testified that he was kidnaped by FARC members who asked

5

him "where [he] was headed that day, what [he] had done that week, whether [he] had participated in any political events," what he thought of the country, and whether he participated in any political groups. They also tried to recruit them to their cause to which he agreed in order to be released. After his release, FARC members made numerous harassing phone calls to his house.

The IJ found that Cuartas's testimony did not sufficiently link the kidnaping or the phone calls to his political opinion for purposes of asylum. Cuartas's testimony, then, without more, established only that he suffered harassment from the FARC, but not to a degree sufficient to constitute persecution and not on account of a statutorily protected ground.[3] Cf. Sanchez v. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (finding that petitioner's claim, based on harassment by FARC guerillas and petitioner's failure to cooperate with the guerrillas or to join their forces, did not establish persecution for purposes of withholding of removal under INA). Threats or harassment, alone, do not constitute persecution on

---

[3]As an additional basis for denying asylum, the IJ also found the Petitioners could safely relocate in Colombia. Because Petitioners failed to meet their initial burden to establish past persecution, the burden never shifted to the government to show internal relocation was reasonable. Cf. Arboleda v. U.S. Atty. Gen'l, 434 F.3d 1220 (11th Cir. 2006) (per curiam) (where government conceded, and the BIA presumed, past persecution, the burden was on the government to show that internal relocation was reasonable; after examining the 1999 and 2000 Country Reports for Colombia, holding that the FARC operates on a country-wide basis in Colombia, and that the government had failed to show that relocation was a viable option). Here, unlike in Arboleda, Petitioners failed to carry their burden to show past persecution.

6

account of a statutorily protected ground.  See Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003); Mikhailevitch v. INS, 146 F.3d 384, 390 (6th Cir. 1998).

Because Petitioners did not show that they suffered past persecution or a well-founded fear of future persecution based on a protected ground, they did not establish eligibility for asylum.  See 8 C.F.R. § 208.13(a), (b); Najjar, 257 F.3d at 1287, 1293.  Accordingly, we deny their petition for review.[4]

**PETITION DENIED.**

---

[4]  We DENY Jenny Alvarez-Cuartas's motion to stay this petition and removal pending the disposition of an outstanding request for labor certification because her request does not constitute clear and convincing evidence that her removal is prohibited as a matter of law.  See INA § 242(f)(2), 8 U.S.C. § 1252(f)(2).  We GRANT Daniel Cuartas's motion to withdraw his petition for review without prejudice, pursuant to Fed. R. App. P. 42(b), but DENY his request to remand his case to the IJ.  According to his motion, Daniel has not yet received a visa, for which he applied based on his recent marriage to a U.S. citizen, and, thus, does not yet have a basis upon which to apply for adjustment of status before the IJ.