# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-60566
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2017

Lyle W. Cayce
Clerk

————

MOSES MULENGA MUKUKA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 238 530

————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Moses Mulenga Mukuka, a native and citizen of Zambia, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for withholding of removal under the Convention Against Torture (CAT).  He also moves for the appointment of counsel and the voluntary dismissal of his petition for review.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60566

Although we have the discretion to dismiss an appeal without prejudice in limited cases where a party has filed a motion to stay further proceedings, no motion for a stay pursuant to 5th Circuit Rule 27.1.3, has been submitted, and this procedure is not appropriate in this case. *See* 5TH CIR. R. 42.4. Accordingly, Mukuka's motion for dismissal of his petition for review is DENIED.

Generally, we have authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). We review the determination of an alien's eligibility for protection under the CAT for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Mukuka argues that the BIA erred in agreeing with the IJ's determination that documentary evidence in the form of country reports was not sufficient to establish that (1) he would more likely than not be tortured upon his return to Zambia because he was a homosexual and (2) the Zambian government would acquiesce in any torture. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). The BIA agreed that Zambia was criminalizing homosexuality and that homosexuals might have to endure a hostile environment; however, the BIA concluded that the country reports did not support a finding that Mukuka would likely be tortured, particularly given that relatively few people had been arrested for homosexuality and most had either been acquitted or had not even been charged.

Mukuka concedes that he did not present any evidence of past torture and does not challenge the determination that his accounts of alleged torture of other homosexuals was based on hearsay and media reports. Moreover,

No. 16-60566

Mukuka notes that the country reports he submitted did not contain first-hand, explicit evidence of torture but simply implied that homosexuals would be arrested and tortured. In addition, Mukuka does not challenge the conclusion that he most feared economic persecution, namely that he would be unable to find employment, upon return to Zambia.

An alien seeking relief under the CAT must satisfy a rigorous standard because he must provide proof of torture and not merely persecution. *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006). Mukuka does not meet this standard and has not demonstrated that the evidence compels reversal of the BIA's conclusion that he was not entitled to protection under the CAT. *See id.* at 1134. Accordingly, Mukuka's petition for review is DENIED. His motion for the appointment of counsel is, likewise, DENIED.