# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2022

Lyle W. Cayce
Clerk

No. 21-60856

Cecilia De La Paz Vasquez-De Martinez; Karla Dianara
Martinez-Vasquez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA Nos. A208 375 390, A208 375 391

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:

Cecilia De La Paz Vasquez-De Martinez and her minor daughter, Karla Dianara Martinez-Vasquez, are natives and citizens of El Salvador. An immigration judge ordered them removed. They appealed the IJ's decision to the Board of Immigration Appeals, arguing that they were entitled to asylum, 8 U.S.C. § 1158, and withholding of removal, § 1231(b)(3). The BIA denied them relief. On November 7, 2021, Mother and Daughter's Counsel timely petitioned us to review the BIA's decision. We're now in May 2022. Over six months have gone by. Counsel has yet to file an opening brief.

No. 21-60856

We originally ordered Counsel to file an opening brief in January 2022. Four days before the filing deadline Counsel requested a 30-day extension, citing "an overwhelming caseload, as well as some matters outside of [his] office's control." We granted Counsel an extension until late February. Then, two days before the February deadline, Counsel asked us for another extension. Counsel justified this second request with "a number of reasons": that "Counsel is a primary caregiver" for his medically infirm parents; that he spends "a considerable amount of time out of the office in his parents' care"; that he "manages a very small, two-attorney firm" suffering from pandemic-related staffing shortages; and that he needs "significant time to familiarize himself with the record below and to parse through highly complex factual and legal matters." We again granted Counsel an extension—this time until late March—and advised counsel that "[n]o further extensions will be granted." Counsel must have thought we were bluffing, though, because two days before the March deadline he asked for "one final" month-long extension, arguing that he was suffering from a "proverbial 'perfect storm'" in personal and professional setbacks.[1] Giving Counsel the benefit of the doubt, we *again* extended his deadline—this time until late April.

The late-April deadline approached. Did counsel file an opening brief? No. Five days before the briefing deadline, Counsel filed a one-paragraph motion to dismiss this petition without prejudice, with a "right of reinstatement within 180 days," under our Rule of Internal Procedure 42.4. We reserved our ruling on the motion, carrying it with the case, the very next day. Counsel then blew past the deadline to file an opening brief, April 25,

---

[1] Counsel justified this third extension with largely the same reasons as the second extension, plus more medical issues beleaguering himself, his family, and his staff.

without filing one. But counsel wasn't done with filing motions instead of briefs.

On April 29 counsel filed yet another motion, which we now review, asking us to dismiss this petition for Mother, but remand it for Daughter. Why? According to Counsel, "during the pendency" of this petition Mother has "passed away due to a prolonged illness." That left Daughter, a minor, "essentially orphaned, given that her father ha[s] neglected and abandoned her since at least August of 2008, the time of her early childhood." Plus, says Counsel, "[u]pon a close review of the record, . . . [Daughter] may have at least three potential forms of relief available to her that she may independently pursue at the agency level." The Government did not file a response to Counsel's latest motion. Still, Counsel advises us that the Government "contend[s] that the entire Petition should be dismissed, and that the daughter's Petition should not be remanded to the [BIA]." We DENY Counsel's latest motion for three reasons.

*First*, Counsel's motion is procedurally defective. The Rules of Appellate Procedure expressly require that all motions for relief in our court "state with *particularity* the grounds for the motion, the relief sought, and the *legal arguments* necessary to support it." Fed. R. App. P. 27(a)(2)(A) (emphasis added). Yet nowhere in the two-short pages that Counsel says "support" his motion does Counsel cite *any* law on our authority to grant a voluntary dismissal from a petition for review, let alone how to evaluate it.

*Second*, it's unclear under what standard we should evaluate Counsel's motion. Federal Rule of Appellate Procedure 42 governs voluntary dismissal of a "docketed *appeal*." *See* Fed R. App. P. 42(b) (emphasis added). But we have never squarely held in a published decision that a "petition for review" from "a final order of removal," under 8 U.S.C. § 1252, qualifies as an *appeal*. At most we have apparently assumed that

Rule 42 governs voluntary dismissals of petitions for review. *Cf. Mukuka v. Sessions*, 697 F. App'x 368, 368 (5th Cir. 2017) (per curiam) (denying a voluntary dismissal of a petition for review under 5TH CIRCUIT RULE 42.4). So, too, have our sister Circuits. *See Gomes v. Garland*, 17 F.4th 210, 212 n.1 (1st Cir. 2021) (assuming, without explanation, that Rule 42 governs voluntary dismissal of petitions for review from the BIA); *In re Immigration Petitions for Review Pending in U.S. Court of Appeals for Second Circuit*, 702 F.3d 160, 162 (2d Cir. 2012) (same); *Yue Hua Lin v. Attorney General of U.S.*, 367 F. App'x 360, 361 (3d Cir. 2010) (per curiam) (same); *Cruz-Moyaho v. Holder*, 703 F.3d 991, 996 (7th Cir. 2012) (same); *Suntharalinkham v. Keisler*, 506 F.3d 822, 823 (9th Cir. 2007) (en banc) (same); *Cuartas v. U.S. Attorney General*, 176 F. App'x 59, 3 n.4 (11th Cir. 2006) (same). Even so, Congress expressly provided that we review BIA removal orders on *petition for review*. *See* § 1252(b) (providing that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings"). And a petition for review, as the Supreme Court explained just last year, is distinguishable from an appeal. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1677–78 (2021).

*Third*, even assuming that Rule 42 applied, we would still DENY Counsel his requested relief. We have explained before our "broad discretion to grant voluntary motions to dismiss" under it. *Noatex Corp. v. King Const. of Hous. L.L.C.*, 732 F.3d 479, 487 (5th Cir. 2013). While we will "generally" grant them, we will also deny them when it's "in the interest of justice or fairness." *Id.* Simply put, Counsel gives *no* explanation for why giving up Daughter's petition for review without a fight is in *her* best interest. *See Suntharalinkam*, 506 F.3d at 825 ("[P]etitioner has absolutely nothing to gain by withdrawing his petition for review . . . .") (Kozinski, J., dissenting). Rather, at every step of this petition Counsel's various motions have been justified solely with concerns for *himself*. We cannot even assess the merits of

No. 21-60856

Daughter's petition because of Counsel's continued failures to file a petition on her behalf. In fact, Counsel's repeated delays have resulted in a situation where Daughter must now effectively proceed as a *minor orphan* since Mother has *died* from a *prolonged* illness. It would be manifestly unjust for us to permit Counsel to voluntarily dismiss Daughter's petition under these circumstances.

For these reasons, we DENY Counsel's motion for partial dismissal and remand. We also ORDER Counsel to file Petitioners' opening Brief by May 27, 2022. We remind counsel as well of his duties "[i]n representing a client" to neither "neglect . . . legal matter[s] entrusted to [him]," or "frequently fail to carry out completely the obligations that [he] owes to [his] clients." Tex. Disp. R. Prof'l Conduct 1.01(b); *see also id.* at (c) (defining "neglect" as "signif[ying] inattentiveness involving a conscious disregard for the responsibilities owed to a client or clients").