# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2022

Lyle W. Cayce
Clerk

No. 21-60856

Cecilia De La Paz Vasquez-De Martinez; Karla Dianara Martinez-Vasquez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA Nos. A208 375 390, A208 375 391

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Cecilia De La Paz Vazquez-De Martinez and her minor daughter, Karla Dianara Martinez-Vasquez, are natives and citizens of El Salvador. Mother applied for asylum, 8 U.S.C. § 1158, and withholding of removal, § 1231(b)(3) for herself and Daughter. The Board of Immigration appeals

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60856

affirmed denial of Mother's applications, and Mother timely petitioned us to review the BIA's order. During the pendency of that petition, though, Mother passed away.

Our jurisdiction is limited by Article III to "Cases" and "Controversies." U.S. CONST. art. III § 2. "Inherent in the case-or-controversy requirement is the doctrine of mootness; federal courts lack jurisdiction 'when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)). Similarly, we lack jurisdiction over unexhausted arguments on petition for review from the BIA's final order of removal. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).

The Government now asks us to dismiss this petition for want of jurisdiction. We agree that we must. Mother's passing means we can no longer grant effectual relief to her, mooting her claims for relief. *McCallister v. Att'y Gen. of United States*, 444 F.3d 178, 184 (3d Cir. 2006). Following Mother's passing we ordered Counsel to file an opening brief for Daughter. *See Vasquez-De Martinez v. Garland*, 34 F.4th 412 (5th Cir. 2022) (per curiam). Counsel has, but Daughter's brief now makes plain that she did not seek relief independently of Mother's application. Rather, she sought relief in the BIA solely as a derivative beneficiary of Mother's application. *See* § 1153(d). That means Daughter's petition is now moot to the extent it relies on Mother's. *See McCallister*, 444 F.3d at 184–85. To the extent Daughter now seeks independent relief, the BIA has yet to consider Daughter's unexhausted arguments.[1] *See Omari*, 562 F.3d at 320–21. Therefore, we GRANT the Government's motion to dismiss and DISMISS this petition.

---

[1] Daughter's motion to reopen her case with the BIA is now pending.