# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 21-60610
Summary Calendar

Tomasa Yamileth Masin-Ventura,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A099 530 443

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:

Tomasa Yamileth Masin-Ventura, a native and citizen of El Salvador, was ordered to be removed from the United States in absentia on June 23, 2006. On August 26, 2019, Masin-Ventura, represented by counsel, filed a motion to reopen the removal proceedings and rescind the in-absentia removal order. The immigration judge ("IJ") denied that motion, and the Board of Immigration Appeals ("BIA") affirmed. Masin-Ventura petitions this court to review that affirmance, arguing that the BIA erred in determining that she was not entitled to equitable tolling of the statutory

deadline for filing a motion to reopen because, although she had shown exceptional circumstances, she had not shown that she had pursued her rights diligently. We DENY the petition.

This court has authority to review only the final decision of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). In Masin-Ventura's case, the BIA affirmed the findings and conclusions of the IJ; therefore, this court reviews both decisions. *See id.*

"This [c]ourt reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). The BIA's legal conclusions are reviewed de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The court reviews the BIA's factual findings for substantial evidence, and it will not disturb such findings unless the evidence compels a contrary conclusion. *Id.* at 517-18.

Masin-Ventura insists that she acted with reasonable diligence given the extraordinary circumstances of her case. Specifically, she claims that she was "forced into an abusive marriage where her free will was dominated by her assailant," and that her assailant prevented her from obtaining information about her immigration status and the 2006 removal proceedings. She argues that, given those circumstances, the BIA erred in finding that she did not pursue her rights diligently.

Although the BIA acknowledged Masin-Ventura's claim that her abusive ex-partner had prevented her from pursuing her immigration case, it agreed with the IJ that she had not pursued her rights with reasonable diligence. As the IJ noted, Masin-Ventura did not state when the abusive relationship ended, nor did she identify when she learned of the in-absentia removal order or what steps she took following that discovery. *See Flores-*

*Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020) (upholding BIA's denial of equitable tolling where there was a "lack of meaningful evidence regarding the steps [petitioner] took to preserve his rights" over a period of three years), *cert. denied sub nom. Flores-Moreno v. Rosen*, 141 S. Ct. 1238 (2021).

We cannot find an abuse of discretion on this record. Even accepting arguendo that Masin-Ventura was prevented from participating in the 2006 proceedings or seeking that they be reopened by her abusive partner, and that she was traumatized and unable to seek legal help for some time after escaping the abuse, Masin-Ventura admits that she obtained legal representation—from the very same lawyer representing her here—more than *two years* before filing her motion to reopen the removal proceedings. We cannot conclude that the BIA abused its discretion in finding that Masin-Ventura failed to act with reasonable diligence in pursuing her rights.

We note, however, that Masin-Ventura and her counsel were aware of her 2006 in-absentia proceedings as early as May 28, 2017, when they received a response to her Freedom of Information Act request. According to Masin-Ventura, she "immediately ask[ed] counsel for advice [o]n how to proceed with her immigration proceedings." There is no explanation for the subsequent *two-year* delay in filing her motion. If the delay was her attorney's fault, then that is serious indeed. It may have cost Masin-Ventura her chance for relief. "A lawyer shall act with reasonable diligence and promptness in representing a client," MODEL RULES OF PROF'L CONDUCT r. 1.3 (AM. BAR ASS'N 2021), and "[p]erhaps no professional shortcoming is more widely resented than procrastination" because "[a] client's interests often can be adversely affected by the passage of time." *Id.* at r. 1.3 cmt. 3. While the record in this case does not contain sufficient information to judge whether Masin-Ventura or her lawyer was the cause of the delay, we have at times noted that the representation of clients in certain immigration cases falls short of the standards we expect of the legal profession. *See, e.g.*,

*Vasquez-De Martinez v. Garland*, 34 F.4th 412, 414–15 (5th Cir. 2022). These clients deserve better.

The petition for review is DENIED.