# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2022

Lyle W. Cayce
Clerk

No. 21-60470
Summary Calendar

Ina Mariel Rivas-De Valencia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 892 146

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

After she failed to appear at her March 24, 2005 removal hearing, Petitioner Ina Mariel Rivas-De Valencia, a native and citizen of El Salvador, was ordered removed from the United States *in absentia*. In February 2018, Rivas-De Valencia sought to reopen her removal proceedings. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60470

Immigration Judge (IJ) denied that motion, and the Board of Immigration Appeals (BIA) dismissed her appeal. Rivas-De Valencia now petitions this court for review of the BIA's order.

On appeal, Rivas-De Valencia asserts only that the BIA erred in holding that equitable tolling was not applicable to the relevant statutory period in which she was permitted to file a motion to reopen. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Equitable tolling is warranted when a petitioner establishes "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

Even if we assume that Rivas-De Valencia's reliance on misrepresentations from a "notario" regarding her immigration case was reasonable, her inaction for more than 12 years after being ordered removed and for more than four years after learning of her removal should not be considered diligent. *See id.*; *see also Masin-Ventura v. Garland*, 41 F.4th 482 (5th Cir. 2022) (denying petition when motion to reopen was filed approximately two years after petitioner became aware of removal proceedings); *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021). Rivas-De Valencia's inability to establish diligence is dispositive of her claim, so it is not necessary for us to address her contention that she showed extraordinary circumstances. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Rivas-De Valencia has failed to show that she was entitled to equitable tolling of the applicable limitations period, so the BIA's decision was "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Rivas-De Valencia's petition for review is DENIED.